# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
Senior District Judge Marcia S. Krieger

Civil Action No. 18-cv-02118-MSK-KLM

KACEM M. ANDALIB,

    Plaintiff,

v.

JBS USA, LLC,
RIGO MENDIOLA, and
ANTHONY RICKOFF,

    Defendants.

---

## OPINION AND ORDER GRANTING MOTIONS FOR ATTORNEY FEES, ADOPTING RECOMMENDATION, AND DISMISSING CLAIMS

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Attorney Fees **(# 44)**, Mr. Andalib's response **(# 50)**, and the Defendants' reply **(# 55)**; the Defendants' second Motion for Attorney Fees **(# 49)**, to which Mr. Andalib filed no response; the Magistrate Judge's August 9, 2019 Recommendation **(# 58)** that Mr. Andalib's claims be dismissed with prejudice, to which no objections have been filed; and the Defendants' "Motion for Ruling" **(# 61)** on their pending motions, which the Court treats as a supplement to Docket # 49.

## FACTS

Mr. Andalib commenced this action asserting a variety of claims, including claims sounding in race discrimination under Title VII and 42 U.S.C. § 1983, arising from his termination of employment with Defendant JBS USA. On June 20, 2019, this Court granted

1

**(#39)** the Defendants' motions to dismiss, among other things, Mr. Andalib's Title VII discrimination claims as unexhausted and his § 1983 claim because he had not made any colorable allegations that the Defendants were state actors. The Court further found that Mr. Andalib's § 1983 claim was frivolous and allowed the Defendants to move for an award of attorney fees that it incurred responding to that claim. The Defendants filed a motion for fees **(#44)**, seeking an award of $4,129 in fees relating to the §1983 claim. Mr. Andalib responded that the number of hours claimed was unreasonable and not supported by the billing records produced by the Defendants.

Several discovery disputes then ensued. First, a dispute arose over whether Mr. Andalib had produced all of his e-mails that the Defendants sought. In an Order **(# 33)** on April 3, 2019, the Magistrate Judge granted the Defendants the right to conduct a forensic review of Mr. Andalib's e-mail accounts. Although the Magistrate Judge directed that the Defendants would "bear the full cost of that examination initially, . . . if it turns our that there are [many] e-mails that [Mr. Andalib] forwarded to himself from his work e-mail and has not previously disclosed, the Court would entertain an argument that the cost of the forensic examination should be shifted to [Mr. Andalib] because of his deception." The Defendants did conduct the forensic examination and found some 330 responsive e-mails that Mr. Andalib had not previously disclosed, well in excess of the four e-mail chains that Mr. Andalib had previously produced and which he represented constituted "every single e-mail, every single communication, or other document in his possession" that was responsive to the Defendants' requests.

Second, the parties had continuing disputes over the completeness of Mr. Andalib's responses to the Defendants interrogatories and requests for production. On July 10, 2019, the Magistrate Judge issued an Order **(# 45)** that granted most aspects of the Defendants' motion to

compel. In addition, pursuant to Fed. R. Civ. P. 37, the Magistrate Judge found **(# 48** at 23-24) that the dispute was "solely the fault of [Mr. Andalib] and/or [his] counsel," and that the Defendants were therefore entitled to an award of their attorney fees incurred in conjunction with the dispute. The Defendants now move **(# 49)** for an award of: (i) $8,180 in costs and attorney fees associated with the forensic examination of Mr. Andalib's e-mail accounts; and (ii) $24,550 in attorney fees attributable to Mr. Andalib's failure to produce discovery, resulting in the order and award of costs by the Magistrate Judge's June 10, 2019 Order. Thereafter, the Defendants supplemented **(# 61)** that motion with a request for roughly $14,000 in additional attorney fees, relating to time expended in filing the request at Docket # 49, as well as additional fees the Defendants had since incurred in continuing to obtain the discovery ordered by the Magistrate Judge.

Mr. Andalib continued to resist production of certain materials ordered by the Magistrate Judge, and on August 8, 2019, the Magistrate Judge held another discovery hearing on the matter. Neither Mr. Andalib nor his counsel appeared. The Magistrate Judge made an oral recommendation **(# 59)** at that time, later reduced to writing **(# 58)**, that Mr. Andalib's claims be dismissed due to Mr. Andalib's repeated failure to comply with orders of the Court. Since that recommendation was issued, neither Mr. Andalib nor his counsel have filed objections under Fed. R. Civ. P. 72(b), filed any other materials in this action, nor, apparently, have had any further communication with the Defendants' counsel.

## ANALYSIS

### A. Motions for Attorney Fees and Costs

Once a party has been awarded attorney fees and costs against their opponent, the Court follows the familiar "lodestar" method to determine a reasonable fee to award. *Farmer v. Banco*

*Popular of North America*, 791 F.3d 1246, 1259 (10th Cir. 2015). The Court first calculates a "lodestar" figure by demonstrating the reasonable number of hours expended on the particular task, multiplied by a reasonable hourly rate. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The lodestar figure is presumptively reasonable, but the Court may then adjust the lodestar figure upward or downward to account for rare or exceptional circumstances. *See Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 552-53 (2010). The party seeking the fee award has the burden of demonstrating the reasonableness of the hours and rates it seeks and of producing specific evidence – frequently billing records – that support its request. *Id.* at 553, *see also* D. Colo. L. Civ. R. 54.3(b).

1. Fees relating to motion to dismiss § 1983 claims

Turning first to the Court's award of fees to the Defendants resulting from Mr. Andalib's assertion of two frivolous §1983 claims, the Defendants request an award of $4,129 in fees,[1] reflecting an hourly rate of $300. Mr. Andalib does not challenge the reasonableness of that rate and the Court finds that rate to be in line with hourly rates approved by the Court in various cases in this district.

In calculating the attorney hours actually spent on addressing the §1983 claim, the Defendants first seek to acknowledge that (with one possible exception) their billing records do not reflect any entries that focus solely on the §1983 claim itself. Rather, the Defendants proffer their general billing records for preparation of the motion to dismiss and contend that certain

---

[1] In their reply brief, the Defendants' request swells to $12,739, with the additional $8,610 reflecting the fees incurred in preparing the fee motion itself and its reply  The fees incurred by counsel in drafting a fee motion can themselves be recoverable in appropriate circumstances. *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986). However, for the reasons discussed herein, the Court finds that in the particular circumstances of this motion, all of the time expended by the Defendants in drafting the fee motion would be unreasonable.

specific percentages of the recorded time should be understood to relate solely to the §1983 claim. Specifically, the Defendants have calculated that 20.67% of the time they expended preparing the initial motion to dismiss would relate to the §1983 claim specifically, that 6.88% of the time spent reviewing Mr. Andalib's response relates to the §1983 claim, and that 22.33% of the time drafting a reply brief relates to the §1983 claim. The Defendants derive these percentages in various ways: (i) by calculating the number of pages in each document that address the §1983 claim, as a fraction of the total number of pages in the document; (ii) the number of words, paragraphs, lines, or characters attributable to the discussion of the §1983 claim, as a fraction of the full number of such words, paragraphs, lines, or characters; and (iii) the total number of cases cited in the discussion of the §1983 claim, as a fraction of the total number of cases cited in each document.

Although the Court awards the Defendants full marks for devising clever and creative ways for attempting to measure the unmeasurable, the Court finds that none of these methods produce reliable estimates of the amount of time reasonably spent on the §1983 claim, alone. Page counts, word counts, or numbers of cases cited are not necessarily indicative of the amount of time that an attorney may spend researching, considering and drafting an argument; if anything, brevity in an argument might be a sign that <u>more</u> time was spent in its crafting, not less.[2] Thus, the Court is not willing to adopt the Defendants' suggested methods for isolating the time attributable to the §1983 claim.

The Defendants do cite to one billing entry, reflecting 2.5 hours spent on September 5, 2018 for the task of "Conducted legal research regarding Section 1981 and Section 1983," as

---

[2] *See* Blaise Pascal, *Lettres Provinciales*: "I have made this longer than usual because I have not had time to make it shorter." (translated, 1657).

being "100% applicable" to the § 1983 claim. But even by its own description, some portion of this time entry is attributable to Mr. Andalib's claim under 42 U.S.C. § 1981, and such time is not encompassed within the Court's award of fees.

The Court anticipated this possibility. In its June 20, 2019 Order, it stated that "it is essential to strictly limit recovery [ ] to those [fees] specifically traceable to the Section 1983 claim alone"'" *Docket #* 39 at 11. The Court went on to note that "it may be difficult for JBS to isolate the fees it incurred in challenging the §1983 claim itself." Because the Defendants bear the burden of proving the reasonable number of hours incurred in attacking the § 1983 claim – and only the § 1983 claim – billing records that lack sufficient granularity to isolate that time is an evidentiary defect that works against their request for fees.

However, the Court must acknowledge the reality that <u>some</u> amount of time was spent solely in challenging the §1983 claim, and that time is compensable to the Defendants. In the absence of any other proof establishing a greater amount of time, the Court finds it appropriate to craft its award from the smallest whole unit of traditional time measurement, the hour. Thus, the Court finds that the Defendants incurred one hour of compensable time, at the rate of $300 per hour, in researching and drafting that portion of the motion to dismiss that attacked the §1983 claim, and an additional one hour of time in reviewing Mr. Andalib's response on this point and researching and drafting a reply. Thus, the Defendants' motion at Docket # 44 is granted in part and denied in part, with the Court awarding the Defendants the sum of $600 against Mr. Andalib as a reasonable attorney fee.

   2. <u>Fees relating to discovery violations</u>

In Docket # 49, the Defendants seek an award of: (i) $6,7800 in attorney fees and $1,400 in costs, for a total of $8,180, resulting from the forensic examination of Mr. Andalib's e-mails

that revealed numerous previously-undisclosed material; and (ii) $24,555 in attorney fees resulting from the Defendants' attempts to secure discovery from Mr. Andalib and their eventual successful motion to compel. Mr. Andalib has not filed any response to this motion. In Docket #61, the Defendants further request an additional $7,230 in fees incurred in preparing the fee motion at Docket #49, as well as an additional $7,440 in fees incurred in (unsuccessfully) attempting to secure discovery from Mr. Andalib that the Magistrate Judge directed on July 10, 2019. The record includes a transcript from an August 9, 2019 discovery hearing **(# 57)** before the Magistrate Judge in which the Magistrate Judge finds that she had provided "specific deadlines for the plaintiff to produce documents" and that the Defendants had represented (without any appearance by Mr. Andalib) that such discovery still remained outstanding.

The Defendants claim an hourly rate of $300 per hour. There being no opposition from Mr. Andalib to this request and the rate being in line with other hourly rates found reasonable by the Court in other cases, the Court finds this rate to be a reasonable one.

The Defendants identify a total of 104.45 hours that they contend are compensable under the orders issued by the Magistrate Judge (*i.e.* in Docket # 49), plus an additional 48.9 hours relating to the issues raised in Docket # 61. Because Mr. Andalib has not filed any opposition challenging the reasonableness of any portion of those requests, and because the Court's own review reveals no patently unreasonable billing entries, the Court finds the entire sum requested by the Defendants to be reasonable.[3] Accordingly, the Court grants the Defendants' motions at

---

[3] In doing so, the Court makes certain what the Magistrate Judge only contemplated with regard to the April 3, 2019 order: that the discovery of more than 300 e-mails that were responsive to discovery requests but were not previously turned over by Mr. Andalib reflects that Mr. Andalib's position that he had already fully complied with the Defendants' requests was neither in good faith or substantially justified pursuant to Fed. R. Civ. P. 37(a)(5). Thus, it is appropriate to shift the costs of obtaining that discovery, both the cost of the forensic

Docket #49 and #61 and awards the sum of $47,405 in fees and costs to the Defendants against Mr. Andalib.[4]

### B. Recommendation of dismissal

When Mr. Andalib and his counsel failed to appear for a discovery hearing on August 8, 2019, the Magistrate Judge recommended that Mr. Andalib's claims be dismissed as a sanction for failing to follow court orders. The Magistrate Judge specifically considered the factors of *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), finding that: (i) the degree of actual prejudice to the Defendants from Mr. Andalib's repeated failures to produce discovery was "large,"; (ii) that the degree of prejudice to the judicial system from those failures was "extraordinary"; (iii) that Mr. Andalib "shares some culpability here" along with failures by his counsel; (iv) that the Magistrate Judge had not previously warned Mr. Andalib about the possibility of dismissal of his claims as a sanction for noncompliance, but that she had done

---

examination itself and the attorney fees incurred by the Defendants in litigating the discovery dispute, to Mr. Andalib.

[4] The Defendants argue that the Court should levy the award against Mr. Andalib's counsel as well, pursuant to Fed. R. Civ. P. 26(g)(3). In particular, the Defendants take issue with Mr. Andalib's counsel interposing "boilerplate objections" to "each and every discovery response . . . to date," dating as far back as February 2019. The Court finds that the Defendants had the opportunity to raise the issue of counsel's responsibility for the discovery failures prior to the instant motion. By failing to do so, they have failed to give Mr. Andalib's counsel adequate notice and an opportunity to be heard on the request and prevented the Magistrate Judge from having the opportunity to make any factual findings necessary to support such a sanction. Moreover, the record reflects at least some factual basis to believe that it was Mr. Andalib, and not his counsel, that was at fault for the failure to produce the e-mails. *See Docket* # 48 at 14-15 ("as an initial matter, none of the e-mails that were discovered during the forensic review were in my possession, nor did I have knowledge of them at the time that we produced discovery . . . [U]pon discussing this with my client, he did not initially provide these e-mails because he did not believe that they're relevant to his claims in this case. . . I had no knowledge that this is -- that there were other e-mails"). Because this Court is ill-equipped at this time to make factual findings about Mr. Andalib's counsel's own culpability, the Court is content to simply allow the sanction to run as against Mr. Andalib only.

"everything short of warning" Mr. Andalib's counsel " that the Court would be inclined to dismiss the case or recommend dismissal of the case in the event that she failed to comply"; and (v) that because the threat of imposition of attorney fees had not sufficed to cure Mr. Andalib's failures, no sanction short of dismissal would be effective.

Mr. Andalib has been served with the Magistrate Judge's recommendation and has not filed any timely objections under Fed. R. Civ. P. 72(b). In such circumstances, this Court reviews the Magistrate Judge's findings under whatever standard of review the Court deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Here, in deference to the severity of the consequences to Mr. Andalib, the Court has reviewed the recommendation under the otherwise applicable *de novo* standard of Rule 72(b). Nevertheless, upon *de novo* review, the Court would reach the same conclusions as the Magistrate Judge and for the same reasons. Accordingly, the Court adopts the recommendation and dismisses Mr. Andalib's claims in their entirety as a sanction for failing to comply with numerous orders of the Court.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Attorney Fees **(#44)** relating to Mr. Andalib's § 1983 claims is **GRANTED IN PART** and **DENIED IN PART**, insofar as the Court awards the Defendants the sum of $600 in attorney fees against Mr. Andalib. The Defendants' Motion for Attorney Fees **(#49)** and Motion to Supplement **(#61)** are **GRANTED**, and the Court awards the additional sum of $47,405 in fees and costs in favor of the Defendants and against Mr. Andalib. The Court **ADOPTS** the Magistrate Judge's August 9, 2019 Recommendation **(#58)**. All claims by Mr. Andalib in this action are **DISMISSED**. The Clerk

of the Court shall enter judgment in favor of the Defendants, jointly and severally, and against Mr. Andalib in the amount of $48,006, and shall thereafter close this case.

Dated this 19th day of November, 2019.

BY THE COURT:

Marcia S. Krieger
Senior United States District Judge